1  Adron W. Beene SB# 129040
   Attorney At Law
2  1754 Technology Drive, Suite 228
3  San Jose, CA 95110
   Tel: (408) 392-9233
4  Fax: (866) 329-0453
   adron@adronlaw.com
5
6  *Attorney for Defendant/Counterclaimant/Third-Party Plaintiff, Enea TekSci, Inc. d/b/a ENEA
   Embedded Technology, Inc.*
7
8                 **UNITED STATES DISTRICT COURT**

9                 **SOUTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| VANCE HILDERMAN, an individual; HIGHRELY, INC., a Delaware corporation, | ) ) ) **Case No. 05CV1049-BTM (AJB)** |
| Plaintiff, | ) ) ) **ENEA TEKSCI, INC.'S MEMORANDUM** |
| v. | ) **OF POINTS AND AUTHORITIES IN** ) **SUPPORT OF  MOTION FOR** |
| ENEA TEKSCI, INC. dba ENEA EMBEDDED TECHNOLOGY, | ) **SUMMARY JUDGMENT ON** ) **PLAINTIFFS' COMPLAINT** ) |
| Defendants. | ) ) **Date:  August 3, 2007** ) **Time:  11:00 a.m.** |
| ENEA TEKSCI, INC. dba ENEA EMBEDDED TECHNOLOGY, a Washington corporation, | ) **Courtroom: 15** ) **Judge: The Hon. Barry Ted Moskowitz** ) **Complaint Filed: May 16, 2005** ) |
| Counterclaimant and Third-Party Plaintiff, | ) **[No Oral Argument Unless Requested By** ) **Court]** ) |
| v. | ) ) |
| VANCE HILDERMAN, an individual and resident of California; and HIGHRELY, INC., a Delaware corporation, | ) ) ) ) |
| Counterdefendants, | ) ) |
| and | ) ) |
| MOHAMMED TURAJ (TONY) BAGHAI and LEILA HOSSEINIZADEH, husband and wife and residents of Arizona, | ) ) ) ) |
| Third-Party Defendants. | ) ) |

1

**TABLE OF CONTENTS**

2

3

I. Introduction ................................................................................................ 1

4

II. Jurisdiction and Choice of Law .................................................................. 1

5

III. Factual Background as alleged in the Complaint ...................................... 1

6

IV. Standard on Summary Judgment ............................................................... 2

7

8
   The Undisputed Facts ................................................................................ 3

9

V. Discussion ................................................................................................. 4

10
   1. Hilderman Lacks Standing to Assert HighRely claims ...................... 5

11
   2. Declaratory Relief .............................................................................. 5

12
   3. Breach of Contract ............................................................................. 7

13
   4. Preventing Plaintiffs From taking ENEA's Hospira and Boeing Accounts Does Not

14
Support an  Interference with Contractual Relations or Interference with Prospective

15
Economic Advantage ............................................................................... 8

16
   A. Enea was not a stranger to the relationship so it cannot be sued for interference ........ 8

17
   B. Plaintiffs' lost no valid contracts ................................................... 9

18
   C. Plaintiffs' have no evidence that Enea interfered with any contract ........................ 10

19
   D.  Enea did not wrongfully cause plaintiffs to lose potential business ........................ 10

20
   5. Violation of Business and Professions Code §17200 .................................... 12

21
VI. Conclusion ............................................................................................. 13

22

23

24

25

26

27

28

Case No. 05CV1049-BTM (AJB)

1

2

3

# TABLE OF AUTHORITIES

*Federal Cases*

*Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–160 (1970) ................................................ 3, 10

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)...... 2, 3

*Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)....... 2, 3

*CRST Van Expedited, Inc. v. Werner Enterprises, Inc.*, 479 F.3d 1099, 1107, 1108 (9th Cir. 2007)...................................................................................................................................... 10

*Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78 (1938) ............................................................. 1

*Golden Eagle Ins. Co. v. Travelers Cos,.* 103 F.3d 750, 753 (9th Cir. 1996) ............................. 5

*Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*, 271 F.3d 825, 832 (9th Cir. 2001)........... 9

*Matsushita Electrical Industry Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)...................................................................................................................... 2, 3

*Myron v. Chicoine,* 678 F.2d 727, 730 (7th Cir. 1982) ................................................................ 6

*Orix Credit Alliance, Inc. v. Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000) ...................................... 6

*State of Texas v. West Publishing Co.,* 882 F.2d 171, 175 (5th Cir. 1989) ................................. 5

*The Pantry, Inc. v. Stop-N-Go Foods, Inc.,* 777 F. Supp. 713, 714 (SD IN 1991) ...................... 6

*State Cases*

*Alpha Tax Services, Inc. v Stuart,* 158 Ariz. 169 (1988)............................................................ 7

*Della Penna v. Toyota Motors Sales, U.S.A.* 11 Cal. 4th 376 (1995) ......................................... 11

*Farmers Ins. Exchange v. Superior Court,* 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 826 P.2d 730. (1992)........................................................................................................................... 12

*Imperial Ice v. Rossier,* 18 Cal. 2d 33, 112 P.2d 631 (1941) ..................................................... 9

*Korea Supply Co. v Lockheed Martin Corp.,* 29 Cal.4th 1134 (2003) ...................................... 11

*Loral Corp. v. Moyes,* 174 Cal. App. 3d 268, 275 (1985) ......................................................... 7

*Pacific Gas & Electric Co. v. Bear Stearns & Co.,* 50 Cal. 3d 1118, 1126 (1990)..................... 9

*Paulus v. Bob Lynch Ford, Inc.*, 139 Cal. App. 4th 659, 677 (2006) ........................................ 12

*Quelimane Co. Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55, (1998) ........................ 10

*Reichert v. General Ins. Co.,* 68 Cal. 2d 822, 830 (1968)................................................................ 7

*Sole Energy Co. v. Petrominerals Corp.,* 128 Cal. App. 4th 212 (1995)............................... 5, 11

*Sutter v. General Petroleum Corp.,*  28 Cal. 2d 525, 530 (1946)................................................. 5

*Westside Center Associates v. Safeway Stores 23, Inc.* 42 Cal. App. 4th 507 (1996) ................ 11

**Federal Statutes**

28 U.S.C. § 1332 .................................................................................................................................. 1

Fed.R.Civ.P. 1 ...................................................................................................................................... 3

Fed.R.Civ.P. 56 .................................................................................................................................... 1

Fed.R.Civ.P. 56(c)............................................................................................................................... 2

Fed.R.Civ.P. 57 .................................................................................................................................... 5

**California Code**

Business and Professions Code §16600 ......................................................................................... 12

Business and Professions Code §17200. ........................................................................................ 12

**Other Authorities**

*Lumley v. Gye,* 2 El. & Bl. 216 [118 Eng.Rep. 749] (1853) ........................................................ 9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 05CV1049-BTM (AJB)

# I. Introduction

Vance Hilderman ("Hilderman") left Enea Teksci ("Enea") after many years as president. He set up a new company with assistance from Enea insiders. In March 2005, these insiders left Enea, joining HighRely. They immediately went after Enea's accounts at Hospira and Boeing. Plaintiffs then filed this complaint in May 2005 claiming that Enea told businesses that Mr. Hilderman was violating a covenant not to compete. Enea did not badmouth anyone. Enea did not tell anyone that Mr. Hilderman was violating a non-compete agreement. Since the claims have no merit, the complaint should be dismissed pursuant to Fed.R.Civ.P. 56.

# II. Jurisdiction and Choice of Law

The Court has jurisdiction over this case based on diversity of citizenship. 28 U.S.C. § 1332. Hilderman and HighRely aver that Hilderman is a resident of California and HighRely is a Delaware Corporation (Complaint for Declaratory Relief etc. filed May 16, 2005. "Complaint", ¶ 1). The Complaint is Exhibit A, attached to ENEA TEKSCI, INC.'S LIST OF EXHIBITS. Enea is a Washington corporation. (Complaint, ¶2.) The amount in controversy exceeds $75,000. (Complaint, ¶4.)

Federal courts exercising diversity jurisdiction apply the substantive law of the state in which they are located. Federal law, however, governs procedural issues. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64, 78 (1938).  Interpretation of Hilderman's Severance Agreement and Release, Exhibit A to the Complaint, is subject to California Law (Complaint, ¶3.)

# III. Factual Background as Alleged in the Complaint

This motion tests the pleadings to determine whether there are any disputed facts for the jury to decide. The starting point for the motion is the pleadings. Hilderman and HighRely sued

1    Enea in this Court on May 16, 2005. The Complaint boils down to averments that Enea told

2    other businesses that Hilderman and HighRely could not do business with them because

3    Hilderman was subject to a non-compete clause in his severance agreement.

4
5            Plaintiffs claim that Hilderman founded Teksci which he sold to Enea in January of

6    2001. (Complaint, ¶6.) In February 2004, Hilderman resigned from Enea and signed the

7    Severance Agreement and Release, Exhibit A to the Complaint. (Complaint, ¶6.) The Severance

8    Agreement and Release provides that Hilderman will not solicit employees or customers of

9    Enea for a period of six months. (¶18, Exhibit A to the Complaint.)

10
11           The non-solicitation period ended August 13, 2004 (Complaint, ¶32.).  Hilderman

12   formed HighRely in February or March 2005. (Complaint, ¶24). The wrongful conduct alleged

13   is that on and after March 2005, Enea told Hilderman and HighRely's prospective customers

14   that Hilderman was subject to a non-compete agreement and could not compete with Enea or

15   solicit business or customers of Enea. (Complaint, ¶ ¶ 9, 15, 19, 25, and 32.)

16
17

18                     **IV. <u>Standard on Summary Judgment</u>**

19           Summary judgment is appropriate when "the pleadings, depositions, answers to

20   interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

21   genuine issue as to any material fact and that the moving party is entitled to judgment as a

22   matter of law." Fed.R.Civ.P. 56(c).The Supreme Court clarified the standards for summary

23   judgment in three 1986 cases. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S. Ct.

24
25   2548, 91 L. Ed. 2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S. Ct. 2505,

26   91 L. Ed. 2d 202 (1986); *Matsushita Electrical Industry Co. v. Zenith Radio Corp.,* 475 U.S.

27   574, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

28

2

Enea bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Anderson,* 477 U.S. at 256. Because Enea seeks summary judgment against plaintiffs' complaint, Enea can meet its burden by disproving <u>any</u> essential element of plaintiffs' claim. See *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–160 (1970). This burden is met by showing an absence of evidence submitted by the non-moving party. Enea need not disprove the other party's case. *See Celotex,* 477 U.S. at 325, 106 S. Ct. 2548.

As explained in *Matsushita,*

> [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."
> *Id.,* 475 U.S. at 586-87, 106 S. Ct. 1348.

Summary judgment is not "a disfavored procedural shortcut" but as "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex,* 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).

**The Undisputed Facts**

Vance Hilderman was the former president of Enea. (Enea's Undisputed Fact 1, hereinafter ("EUF").  In February 2004, Hilderman left Enea. (EUF 2)  Tony Baghai ("Baghai") was a former Vice President of Enea. (EUF 3). Ray Madjidi ("Madjidi") was a former project manager for Enea. (EUF 4). In February 2004, HighRely was formed. (EUF 5.) In March 2005, Baghai and Madjidi ceased employment at Enea. (EUF 8 & 9). Hilderman states he is not an employee of HighRely. (EUF 10). Hilderman is a shareholder of HighRely. (EUF 11). During February and March 2005, Baghai and Madjidi were officers and directors of HighRely and employees of Enea. (EUF 6, 7, 8 and 9).

During 2004 and 2005, the Hospira and Boeing accounts were two major professional services customers of Enea. (EUF 13). Hilderman and HighRely claim that because of Enea's conduct, they lost business from Boeing and Hospira. (EUF 12). Hilderman was involved in setting up Hospira and Boeing as clients of Enea. (EUF 14).  Baghai was involved in the Boeing projects for Enea. (EUF 15)

In March 2005, HighRely began taking Boeing business from Enea. HighRely obtained all Boeing contracts it bid on. (EUF 16).   HighRely earned $937,092.37 from Boeing in 2005. (EUF 17) HighRely Earned $ $700,212.08 from Boeing in 2006. (EUF18). HighRely's business at Boeing ended because the projects lacked funding. (EUF 19).

HighRely attempted to take the Hospira account from Enea in March 2005. (EUF 20). Enea paid its employees retention bonuses to avoid the loss. (EUF 21).

Enea did not tell any business, customer or prospective customer that Hilderman was subject to a non-compete or could not lawfully compete with Enea. (EUF 22 and 23).

Hilderman agreed to maintain the confidentiality of Enea's trade secrets after he left Enea. (EUF 24). HighRely is not a party to the Severance Agreement and Release. (EUF 25). Hilderman has no valid contracts with Hospira or Boeing. (EUF 26). Vance Hilderman has no actual damages because of a violation of his Severance Agreement. (EUF 27). Vance Hilderman suffered no personal damages as averred in the Complaint. (EUF 28).  HighRely had no valid contract with Hospira. (EUF 29).

## V. Discussion

Plaintiffs claim that after March 2005, Enea told businesses that Hilderman was subject to a non-compete. Plaintiffs made this up. Enea never told anyone that Hilderman was subject to a non-compete. (EUF 22 & 23).  Plaintiffs cannot prove otherwise.

1   This motion will first address an important standing issue and then show plaintiffs
2   cannot prove all elements of each claim.
3   **1. Hilderman Lacks Standing to Assert HighRely claims**
4
5   Hilderman has filed a suit claiming that HighRely lost business because of the acts of
6   Enea. Hilderman is not even an employee of HighRely (EUF 10). He is a shareholder of
7   HighRely. (EUF 11) He lacks standing to bring this action:
8       Generally, a stockholder may not maintain an action in his own behalf for a wrong
9       done by a third person to the corporation on the theory that such wrong devalued
        his stock and the stock of the other shareholders, for such an action would
10      authorize multitudinous litigation and ignore the corporate entity.
11  *Sutter v. General Petroleum Corp.*, 28 Cal. 2d 525, 530 (1946).
12
13  The core interference with contract claims belongs to HighRely. Hilderman has no
14  standing to seek damages arising out of HighRely's lost profits. *Sole Energy Co. v.*
15  *Petrominerals Corp.,* 128 Cal. App. 4th 212 (1995).  (Prospective shareholders had no standing
16  to bring corporation's interference with contract claims.)
17  **2. Declaratory Relief**
18
19  The first count seeks declaratory relief based on the terms of Hilderman's Severance
20  Agreement and Release. Declaratory relief is a procedural issue subject to Federal law. *Golden*
21  *Eagle Ins. Co. v. Travelers Cos.,* 103 F.3d 750, 753 (9th Cir. 1996); Fed.R.Civ.P. 57.  Plaintiffs
22  have the burden to prove there is an actual controversy. *State of Texas v. West Publishing Co.,*
23  882 F.2d 171, 175 (5th Cir. 1989).
24
25  Hilderman and HighRely assert, as an actually controversy, that Enea claims,
26  "Hilderman is subject to a non-compete agreement and is illegally soliciting employees,
27  customer and business of Enea." (Complaint, ¶15.) Hilderman and HighRely cannot prove this
28  element because Enea does not and has not made this contention. (EUF 22 & 23). Thus, there is

1    no actual controversy to determine. Declaratory relief is improper for an advisory or moot

2    opinion. *Myron v. Chicoine,* 678 F.2d 727, 730 (7th Cir. 1982); *Orix Credit Alliance, Inc. v.*

3    *Wolfe,* 212 F.3d 891, 896 (5th Cir. 2000).

4          Plaintiffs also claim there is a controversy because "Hilderman and HighRely contend

5    that, pursuant to the terms of the Severance Agreement and Release, Hilderman is specifically

6    allowed to solicit and employ employees of Enea and previous customers of Enea at any time

7    after August 14, 2004."  (Complaint, ¶15.)

8

9          This is an unnecessary and redundant claim. There is no reason to decide a declaratory

10   relief claim where there is a breach of contract and interference claim on the same issue.

11   "When declaratory relief and another remedy are substantially similar, the court may exercise

12   its discretion to dismiss the declaratory judgment action" [citation omitted] *The Pantry, Inc. v.*

13   *Stop-N-Go Foods, Inc.,* 777 F. Supp. 713, 714 (SD IN 1991).

14         The claim lacks evidence of a case in controversy. Enea does not claim "Hilderman is

15   subject to a non-compete agreement and is illegally soliciting employees, customer and business

16   of Enea." (EUF 22 & 23). Enea has not raised the non-compete with any business or customers.

17   There is simply no evidence that Enea has made this claim.

18         Hilderman claims the contract <u>specifically</u> provides that after six months, he can solicit

19   employees and customers of Enea. (See Complaint ¶¶ 7(c), 15, 18, and 23). However, Section

20   17 of the Severance Agreement and Release prevents Hilderman from misusing Enea's trade

21   secrets. The confidentiality provision is not subject to a six-month period limitation.  Hilderman

22   has a contractual duty to keep confidential all trade secrets, confidential and proprietary

23   information of Enea obtained during the course of his employment. (EUF 24). He has a legal

24   duty to maintain his former employer's trade secrets and confidential information too. *Loral*

1  *Corp. v. Moyes,* 174 Cal. App. 3d 268, 275 (1985).  Hilderman can <u>lawfully</u> compete. Since he

2  has not, Enea has filed its own action against Hilderman, HighRely and Tony Baghai. The

3  outcome of that litigation does not require declaratory relief.

4

5   **3. <u>Breach of Contract</u>**

6          The second claim is for breach of contract. Hilderman claims that under the Severance

7  Agreement and Release, "Enea agreed that Hilderman could solicit employees, business and

8  customers of Enea after August 14, 2004 (Complaint ¶ 18.) Hilderman claims that Enea

9  breached the Severance Agreement and Release by "Falsely claiming that Hilderman has agreed

10  to a non-compete, and by falsely stating that Hilderman cannot solicit any former employees or

11  customers of Enea." (Complaint, ¶19.) Hilderman claims he was damaged in excess of

12  $200,000 (Complaint, ¶21.)

13

14          The essential elements in an action for breach of contract under California law are: (1)

15  the contract; (2) plaintiff's performance of the contract or excuse for nonperformance; (3)

16  defendants' breach; and (4) the resulting damage to plaintiff. See *Reichert v. General Ins. Co.,*

17  68 Cal. 2d 822, 830 (1968).

18

19          Enea cannot breach a term that does not exist. There is no contract term which gives

20  Hilderman the unfettered right to solicit Enea's customers and employees after six months.

21  Hilderman had a contractual duty to maintain the confidentiality of Enea's trade secrets. (EUF

22  24). He also has a legal duty to maintain Enea's trade secrets. *Loral,* at 275.  For six months,

23  Hilderman had an anti-piracy and hands off agreement. *Alpha Tax Services, Inc. v Stuart,* 158

24  Ariz. 169 (1988). After the six-month period, he had to respect Enea's confidential information

25  and could not violate the law. The Severance Agreement and Release does not give Hilderman

26

27

28

*carte blanche* right to violate all laws and other terms of the agreement to steal Enea employees and customers after six months.

On the third element of the claim, Hilderman has no proof that Enea breached the contract. Enea did not tell anyone that Hilderman was subject to a non-compete and could not lawfully solicit employees or customers of Enea. (EUF 22 & 23).  Hilderman cannot prove this element.

On the fourth element, damages, Hilderman has suffered no damages individually arising from the alleged breach.  (EUF 27 & 28).

HighRely is not a party to the Severance Agreement and Release (EUF 25), so it has no claim for breach of the Severance Agreement and Release at all.

**4. Preventing Plaintiffs From Taking ENEA's Hospira and Boeing Accounts Does Not Support an  Interference with Contractual Relations or Interference with Prospective Economic Advantage Claim.**

The third count is actually two claims in one. One claim is that Enea interfered with existing Hilderman and HighRely contracts. The other claim is that Enea interfered with potential Hilderman and HighRely contracts. Both claims arise out of plaintiffs' attempts to take Enea's accounts with Hospira and Boeing.

**A. Enea was not a stranger to the relationship, so it cannot be sued for interference.**

This is probably the first case where a plaintiff, who made over 1.6 million dollars from Enea's accounts, claims the victim interfered with the contract.  Enea cannot be sued for unsuccessfully trying to keep its business. An interference claim requires that a stranger cause the interference: "It has long been held that a stranger to a contract may be liable in tort for intentionally interfering with the performance of the contract. (*Lumley v. Gye* (1853) 2 El. & Bl.

1   216 [118 Eng.Rep. 749]; *Imperial Ice v. Rossier,* 18 Cal. 2d 33, 112 P.2d 631 (1941) and cases

2   cited) *Pacific Gas & Electric Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990).

3           Interference with contract or prospective contract is an intentional tort. The threshold

4   issue for interference claims is that the tortfeasor must be a stranger to the transaction:

6       … California law has long recognized that the core of intentional interference
        business torts is interference with an economic relationship by a third-party
7       *stranger* to that relationship, so that an entity with a direct interest or involvement
        in that relationship is not usually liable for harm caused by pursuit of its interests.
8       [Citations omitted]

9    *Marin Tug & Barge, Inc. v. Westport Petroleum, Inc.*  271 F.3d 825, 832 (9th Cir. 2001)

10          In this unusual case, Enea had a pre-existing relationship with both Hospira and Boeing.

12  (EUF 13). In fact, Mr. Hilderman set these up while he was the President of Enea. (EUF 14).

13  After he left and set up HighRely with Baghai and Madjidi, they went after Enea's accounts.

14  Enea fended of HighRely's attempts to take Enea's contract with Hospira. Enea did so by

16  paying retention bonuses to its employees and contractors. (EUF 21). There is nothing improper

17  about that. Enea was not so successful with Boeing. Boeing paid HighRely $937,092.37 in 2005

18  and $700,212.08 in 2006 (EUF 17 & 18). Plaintiff was not a stranger to these relationships so it

19  cannot be sued.

20

21

22          **B. <u>Plaintiffs' lost no valid contracts</u>**

23          The elements of an interference with contract claim are: (1) plaintiff has a valid and

24  existing contract with a third party; (2) defendant had knowledge of the contract; (3) defendant

25  committed an intentional act designed to induce a breach or disrupt the contractual relationship;

26  (4) actual breach or disruption of the contract relationship occurred; and (5) damages were

27

28

Case No. 05CV1049-BTM (AJB)

1   suffered as a result. *Quelimane Co. Inc. v. Stewart Title Guaranty Co.*, 19 Cal. 4th 26, 55,

2   (1998); *Pacific Gas & Electric Co. v. Bear Stearns & Co.,* 50 Cal.3d 1118, 1126, (1990).

3       Hilderman has no valid contracts with Hospira or Boeing (EUF 26).  HighRely had no

4   contract with Hospira (EUF 29). Robert Allard from Boeing testified that HighRely received

5   every Boeing contract offered (EUF 16). The HighRely/ Boeing agreements ended when

6   Boeing ran out of money on the projects (EUF 19). The undisputed evidence shows no claim

7

8   exists.

9

10

11  **C. Plaintiffs' have no evidence that Enea interfered with any contract**

12      Hilderman and HighRely cannot show that Enea did anything to induce a breach or

13  disrupt any actual contractual relationship. Enea did not tell any business that Hilderman had a

14  non-compete so he could not do business. (EUF 22 & 23). The evidence from Boeing is that the

15  projects ran out of funding. (EUF 19).

16

17

18  **D. Enea did not wrongfully cause plaintiffs to lose potential business**

19      The elements of interference with prospective economic advantage resemble those of

20  intentional interference with contract. They are: "(1) an economic relationship between the

21  plaintiff and some third party, with the probability of future economic benefit to the plaintiff;

22  (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the

23  defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5)

24  economic harm to the plaintiff proximately caused by the acts of the defendant." [Citations

25  omitted] *CRST Van Expedited, Inc. v. Werner Enterprises, Inc*., 479 F.3d 1099, 1107, 1108 (9th

26

27  Cir. 2007).

28

Case No. 05CV1049-BTM (AJB)

Plaintiffs are missing an <u>existing</u> relationship between plaintiffs and the customers required for the tort. *Korea Supply Co. v Lockheed Martin Corp.,* 29 Cal.4[th] 1134 (2003). While Hilderman knew about the business contracts between Enea and Hospira and Boeing, Hilderman did not have any existing economic relationship with Hospira or Boeing with the probability of future economic benefit to himself. The evidence is that he tried to obtain the Hospira account as President of HighRely. (EUF 20). Trying to interfere with Enea's Hospira contract is not an existing economic relationship sufficient to support the claim. Plaintiffs' hopes to take the account and desire of future benefit do not satisfy the requirement of an existing economic relationship. *Sole Energy Co. v. Petrominerals Corp.,* 128 Cal. App. 4th 212. (1995); *Westside Center Associates v. Safeway Stores 23, Inc.,* 42 Cal. App. 4th 507 (1996). Since HighRely obtained all Boeing agreements offered (EFU 16), there was no interference with a prospective economic interest related to Boeing. Without an existing economic relationship, plaintiffs are missing an element of the claim.

Hilderman and HighRely cannot prove the extra "wrongfulness" element required for the prospective economic claim. *Della Penna v. Toyota Motors Sales, U.S.A.,* 11 Cal. 4th 376 (1995).  In an interference with prospective economic advantage, the plaintiff must prove that defendant did something wrongful. Hilderman and HighRely allege that Enea interfered with potential customers by trying to enforce Hilderman's long expired non-compete clause. This does not satisfy the requirement that there be wrongful conduct beyond the fact of the interference. In *Korea Supply,* the wrongful conduct was bribery and offering sexual favors.

A theory based on an expired contract term is too trivial to support the wrongfulness element of the claim.  Enea never claimed Hilderman was subject to a non-compete or violated a non-compete agreement (EUF 22 & 23). The claim is missing the element of wrongfulness.

Case No. 05CV1049-BTM (AJB)

1  Hilderman and HighRely have no proper theory or evidence to prove that Enea attempted to

2  wrongfully interfere with a prospective contract.

3

4

5  **5. <u>Violation of Business and Professions Code §17200</u>**

6          The fourth claim is violation of Business and Professions Code §17200. California's

7  unfair competition law is found in Business and Professions Code §17200. This is Hilderman

8  and HighRely's last claim. This claim, " 'to redress an unlawful business practice, "borrows"

9  violations of other laws and treats these violations, when committed pursuant to business

10  activity, as unlawful practices independently actionable under [Business and Professions Code]

11  section 17200 et seq. and subject to the distinct remedies provided thereunder.' "(*Farmers Ins.*

12  *Exchange v. Superior Court,* 2 Cal. 4th 377, 383, 6 Cal. Rptr. 2d 487, 826 P.2d 730. (1992))"

13  *Paulus v. Bob Lynch Ford, Inc*., 139 Cal. App. 4th 659, 677 (2006).

14

15          Hilderman and HighRely aver that Enea claims that Hilderman is subject to a covenant

16  not to compete. They claim the covenant is void under Business and Professions Code §16600.

17  (Complaint, ¶31.) Hilderman and HighRely claim that Enea is falsely telling businesses and

18  customers in California that Hilderman is subject to a covenant not to compete. (Complaint,

19  ¶33).

20

21          Summary judgment should be granted on this claim because Hilderman and HighRely

22  have no evidence to support the claim that Enea sought to enforce an expired or void covenant

23  not to compete. The non-compete term expired in 2004. Enea never enforced the non-compete.

24  There is no evidence that Enea claimed that Hilderman is subject to a non-compete, or that Enea

25  has falsely told businesses and customers that Hilderman is subject to a covenant not to

26  compete. (EUF 22 & 23). The allegations are false and there is no evidence to prove them.

27

28

Case No. 05CV1049-BTM (AJB)

1
2                              **VI. <u>Conclusion</u>**
3
        Plaintiffs' claims do not make logical sense and are missing elements on each claim. No
4
5   jury could find for plaintiffs that a non-compete, which expired by August 2004, interfered with
6   a contract or possible contract in 2005.
7           Accordingly, the Complaint should be dismissed.
8
9   **Respectfully submitted:**
10
11  DATED:  6/21/2007                    Law Offices of Adron W. Beene
12                                       /s/ Adron Beene
13                                       _____
14                                       Adron W. Beene, Attorney for ENEA
                                         TEKSCI, INC.
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                                        Case No. 05CV1049-BTM (AJB)