Adron W. Beene SB# 129040
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

*Attorney for Defendant/Counterclaimant/Third-Party Plaintiff, Enea TekSci, Inc. d/b/a ENEA Embedded Technology, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE HILDERMAN, an individual; HIGHRELY, INC., a Delaware corporation, <br><br> Plaintiff, <br><br> v. <br><br> ENEA TEKSCI, INC. dba ENEA EMBEDDED TECHNOLOGY, <br><br> Defendants. <br><br> ENEA TEKSCI, INC. dba ENEA EMBEDDED TECHNOLOGY, a Washington corporation, <br><br> Counterclaimant and Third-Party Plaintiff, <br><br> v. <br><br> VANCE HILDERMAN, an individual and resident of California; and HIGHRELY, INC., a Delaware corporation, <br><br> Counterdefendants, <br><br> and <br><br> MOHAMMED TURAJ (TONY) BAGHAI and LEILA HOSSEINIZADEH, husband and wife and residents of Arizona, <br><br> Third-Party Defendants. | Case No. 05CV1049-BTM (AJB) <br><br> **ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT** <br><br> Date:  August 3, 2007 <br> Time:  11:00 a.m. <br> Courtroom: 15 <br> Judge: The Hon. Barry Ted Moskowitz <br> Complaint Filed: May 16, 2005 <br><br> [No Oral Argument Unless Requested By Court] |

– 1 –

**ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT**

## I.     INTRODUCTION

Enea's motion for Summary Judgment should be granted unconditionally. Hilderman and HighRely had the burden to show there is a triable issue on each claim they made against Enea. They have failed.

> [w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no "genuine issue for trial."
>
> *Matsushita Electrical Industry Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-587.

Perhaps this reply could be short because no "rational trier of fact" could find for plaintiffs because the undisputed evidence shows that:

1. Enea did <u>not</u> tell anyone that plaintiffs were subject to a non-compete;
2. (Enea's Undisputed Fact "EUF")(EUF 22)
3. Enea did <u>not</u> tell anyone that plaintiffs could <u>not</u> lawfully solicit employees or customers of Enea;  (EUF 23)
4. Hilderman had no contracts with Hospira or Boeing; (EUF  26)
5. Hilderman has no damages; (EUFs 27, 28)
6. HighRely had no contract with Hospira and had no contract with Boeing that Enea interfered with. (EUFs 29, 16)

However, plaintiffs have launched a strategy of misdirection, denigration and confusion to avoid summary judgment. As this strategy sometimes prevails on over-worked courts, some issues must be addressed to raise this case out of plaintiffs' mire.

## II.     THE UNDISPUTED FACTS

**1. Enea's Undisputed Facts**

This motion attacks the complaint and demands that plaintiff prove its allegations or have them dismissed. Plaintiffs have not met their burden. This motion begins with the facts to see if there is any genuine factual dispute. Plaintiffs do not dispute Enea's Undisputed Facts ("EUF") 1, 2, 4, 5, 8, 9, 10, 11, 12, 13, 14, 15, 17, 18, and 20. Plaintiffs challenges to the

- 2 –

1  remainder do not create any genuine issue for trial on the remaining EUFs 3, 6, 7, 16, 19, 21,

2  22, 23, 24, 25, 26, 27, 28, and 29.

3       Plaintiffs attempt to dispute **EUF 3, 6 and 7** on minor issues by denying they held

4

5  positions they admit they held. See Exhibit H to Enea's motion (HighRely's Board minutes)

6  shows that Baghai and Madjidi were officers of HighRely on March 2, 2005.

7       **EUFs 16 and 19** are not disputed with competent evidence. Hilderman lacks foundation

8  and actual personal knowledge to dispute what Boeing testified about. Enea objects to ¶¶9, 10,

9  11, 12, and 13 of his declaration because they are hearsay, lack foundation, and are speculative.

10

11       Plaintiffs' claim **EUF 21** is argumentative. This is the truth and plaintiffs have no

12  evidence to the contrary.

13       Plaintiffs' claim they dispute **EUF 22 and 23** with testimony from Mr. Allard at Boeing.

14  Since HighRely obtained the Boeing account, Mr. Allard's testimony does not create any

15

16  dispute. Mr. Allard even confirms that Enea said nothing derogatory. There are no implications

17  as Mr. Allard did not look at or consider emails offered by Enea. ("They asked me did I want to

18  see some e-mails and stuff they had. And I indicated no that wouldn't help my decision" Allard

19  Depo (Plaintiffs' Exhibit F) 68: 2-4). Then plaintiffs rely on Hilderman's statements. This is

20  inadmissible hearsay and lacks foundation. Hilderman cannot testify about the decision process

21

22  of Boeing and Hospira.

23       In disputing **EUF 24**, Plaintiffs deny the terms of the Severance Agreement. This

24  agreement is attached to their complaint. Plaintiffs' denial does not create a genuine issue for

25  trial.

26

27

28

- 3 –

**ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT**

In disputing **EUF 25**, plaintiffs claim that HighRely succeeded to Hilderman. As a result, HighRely now has all the rights to the Severance Agreement. This is inconsistent with the testimony of HighRely and its counsel:

```
15   Q.  Do you know what contract it is that
16 HighRely's claiming it entered into with Enea that
17 Enea breached?
18   A.  I don't think HighRely has contract with
19 Enea.  I think we were talking about the Severance
20 Agreement.
21   Q.  Well, I'm trying to sort out whether the
22 second count even applies to HighRely.
23       MR. PADDISON:  Is that your question?
24       MR. BEENE:  Well, not really to him,
25 Mr. Paddison, but I'm kind of going through this on a
00073
 1 rote term, and I'm trying to figure out how it is that
 2 HighRely has suffered damages as relation to a
 3 contract.
 4       MR. PADDISON:  I don't think there's any
 5 claim that HighRely has.  I think the second count
 6 specifically references Hilderman.
```

Baghai30b6.txt - Page 72:15 - 73:6

¶18 of the Severance Agreement expired before HighRely was formed. There were no rights to succeed to. HighRely cannot assume Hilderman's obligations in ¶17. They are personal. There is no evidence to support a theory that a corporation is the successor to a person. Enea objects to the statements in Hilderman's declaration at ¶¶4, 5, 6 and 7 as they are improper legal conclusions without any supporting evidence, hearsay with respect to discussions with Mr. Bergland, and inconsistent with the prior representations. California Evidence Code Section 623. Furthermore, Hilderman's statements, which contradict the terms of the Severance Agreement, are parole evidence.

**ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT**

Plaintiffs' dispute **EUF 26** that Hilderman has no contracts with Boeing or Hospira. There is no evidence that Hilderman, an individual, had agreements with either of these corporations and Hilderman testified he had none.

Plaintiffs' disputes EUFs **27 and 28** claiming that Hilderman has actual damages. Hilderman failed to state any actual damages in interrogatory responses or his deposition. Those are binding against him. Hilderman damage claim that he suffered "extremely, extremely, extremely…" is hyperbole and does not support an actual damage claim.

Plaintiffs' dispute **EUF 29** that HighRely has no contracts with Hospira. There is no evidence that HighRely had a contract with Hospira so the fact is not disputed.

**2. Plaintiffs' Additional Facts**

Plaintiffs hurl in 23 random facts to cause more confusion. Enea will reduce the clutter and not object to the relevance, foundation, or speculation of "Plaintiffs' Additional Facts" for purposes of this motion with exception to: 9, 12, 20, 21, 22, and 23. These facts are not supported with evidence and are not relevant to the motion.

**Plaintiffs' Fact 9** suggests that HighRely is the successor to Hilderman's Severance Agreement. This has the same problem as the challenge to EUF 25 above. This is not a fact but an unusual legal conclusion. Humans cannot yet succeed into corporations. If he merged into HighRely, then his case should be dismissed by his own position. Since there is no evidence that Enea said HighRely has a non-compete and cannot work, the theory creates no dispute.

**Plaintiffs' Fact 12** is based on parole evidence, California Code of Civil Procedure Section 1856. The statement contradicts ¶17 of the Severance Agreement and is inadmissible.

**ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT**

**Plaintiffs' Facts 20-22** relate to Baghai's attempts to rely on a forged employment agreement. This is not relevant to this motion. Enea is not moving for summary judgment against Baghai's counterclaim.

**Plaintiffs' Facts 23** relates to Enea's use of stock photos. This is not relevant to this motion. Compare Plaintiffs' Exhibit F used in their motion for summary judgment against Enea to Exhibit H used in its opposition to this motion. The cover sheet is a group of stock photos that has been used by Enea for years.

### 3. Baghai's Forged Employment Agreement

Plaintiffs' reliance on Baghai's July 28th version of his employment agreement cannot be left unchallenged. While the Baghai agreement has no relevance to this motion, the real story can no longer remain untold. The evidence is in the record, and it may be helpful to the Court to understand the forged agreement issue now.

Baghai lifted a signature from a different document to make his version of an employment agreement. The facts are explained in Plaintiffs' Exhibit G which is a declaration filed by Mrs. Walker in Arizona to successfully prevent Baghai from enforcing his forged agreement. That declaration shows that Mrs. Walker sent the original <u>signed</u> June 16, 2004 draft to Baghai.  She sent another version electronically. Baghai never accepted the either offer. As a result, the 2003 agreement is the operative agreement. However, after he resigned, Baghai claimed a new version existed, which mysteriously drops the confidentiality provisions. The altered July 28, 2004 document has the Walker signature from the June 16, 2004 rejected agreement. (Plaintiff's Exhibit E Summary of Expert Witness James Black). Baghai changed the electronic version and lifted Mrs. Walker signature from the July 16, 2004 version so he

could assert the new version in this action. Cf. FAA' denial of Baghai's DER application for lack of character.

### III. DISCUSSION

**1. Summary Judgment on Plaintiffs' Declaratory Relief and Breach of Contract Claims are Unsupported and Therefore Must be Granted.**

Plaintiffs' wants declaratory relief because Enea has sued them so there is a dispute. Hilderman's sole damage claim on the breach of contract claim is his attorneys' fees to defend against Enea's counterclaim. These are affirmative defense issues. Enea's motion does not seek to adjudicate Hilderman's answer. There is no basis to have declaratory relief action when the issue will be resolved in the trial on Enea's claims. When the focus is properly placed on <u>plaintiffs' complaint</u>, taking away plaintiffs' abundant adjectives, unsupported facts and each "clearly", they have no claim against Enea.

Plaintiffs argue they can steal and misuse Enea' trade secrets because ¶ 18 in the Severance Agreement expired. They claim Enea's suing them for stealing Enea employee information and Enea customers violates Business and Professions Code Section 16600. Enea has never claimed that Hilderman cannot ethically work. Hilderman is sued because he did not lawfully compete. As a matter of law, ¶17 in the Severance Agreement is enforceable.

> Section 16600 does not invalidate an employee's agreement not to disclose his former employer's confidential customer list or other trade secrets or not to solicit those customers.
.
*Loral Corp. v. Moyers,* 174 Cal. App. 3d 268, 276, (1985); Cited with approval in *Jones v. Humanscale Corp.,* 130 Cal. App. 4th 401 (2005)

¶ 17 and ¶18 in the Severance Agreement can coexist because one is a total blanket against any solicitation; the other prevents misuse of Enea's confidential information. After the six month period, Hilderman could <u>lawfully</u> compete. He could not have Baghai send him

- 7 –

Enea's employee emails list, Enea's customer leads, Enea's employment leads and Enea's checklists, processes and training documents. Hilderman had no right to use Enea insiders to set up a competitor with Enea's property.

Hilderman has no breach of contract damages. While Hilderman says he has been "extremely, extremely, extremely damaged," there is no evidence to support his puffery. The attorneys' fees paid to defend his wrongful conduct are not damages recoverable in a complaint. The truth is that Enea told no customers that the Severance Agreement precluded Hilderman from working. Enea did not breach the Severance Agreement and there are no damages to support the breach of contract claim.

**2. Plaintiffs have No Interference Claim**

There is no dispute that Hilderman set up the Boeing and Hospira accounts for Enea (EUF 14). That is why Enea is not a stranger as required for an interference claim. Enea cannot interfere with Hilderman on relationships he set up for Enea. That is the law. Plaintiffs' attempt to distinguish the facts of cases does not change the law.

Enea did not tell customers that Hilderman was subject to a non-compete or could not compete. There is no evidence that Boeing or Hospira declined business with HighRely because Enea told them Hilderman or HighRely could not compete. The evidence offered to dispute EUF 22 and 23 does not dispute the facts or prove the required elements of the claims in the complaint.

Plaintiffs have no evidence or logical reason to suggest that Enea told people that a lapsed contract term prevented Hilderman or HighRely from doing business. There is not even a metaphysical doubt. Logically, there is no reason to believe that Enea would try to enforce a contract term that ran its course. Reducing plaintiffs' position to the absurd confirms the fallacy.

**ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT**

Plaintiffs allege that Enea brought in the Severance Agreement to Hospira and Boeing in April 2005 and, pointing to ¶18, saying that Hilderman and HighRely could not do business with them. The absurdity of the argument is that ¶18 expired in August of 2004. No rational trier could find that Enea enforced an expired contract term.

Lacking logic and evidence, plaintiffs shift to a position that that Enea threatened customers with litigation. The evidence is to the contrary. Boeing was not threatened at all:

> Q: All right. Did they [Enea] leave you with an impression that Boeing could get into trouble if they entered into a contract with Highrely?
> A: No.
> Q: Did they [Enea] leave you with an impression that Boeing might be the subject of legal action if they entered into a contract with Mr. Hilderman or Highrely?
> A: No

Allard Depo, Plaintiff's Exhibit F at 68: 20-69:2.

There is no evidence that Enea interfered with any of plaintiffs' rights with Hospira or Boeing. Hilderman had no contracts to prospective contracts with either of them. HighRely obtained the Boeing contract but not the Hospira contract. Mr. Allard testified that HighRely got every contract it asked for and lost none. Plaintiffs paint Mr. Allard as a liar on Boeing's lack of funding. In keeping with his consistent practices, Hilderman has no evidence to support his malicious attacks. There is no evidence that Enea actually interfered with any Boeing contracts. There is no admissible evidence why plaintiffs did not get the Hospira account. Hilderman's self promoting and conjecture is not admissible because it lacks foundation, personal knowledge and is hearsay. There is no evidence that Hospira or Boeing made any decisions based on ¶18 of the Severance Agreement. There is no testimony of any person at Boeing or Hospira stating that Enea caused plaintiffs to lose business. Plaintiffs' lack any causation theory or resulting damages on the interference claim. *Kasparian V. County of Los Angeles*, 38 Cal.App.4th 242

**ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT**

1  (1995). Hilderman's theories are speculation. "Inferences must be "'a product of logic and

2  reason' and 'must rest on evidence'" [citation omitted] *Kasparian,* at 104. There is no logic,

3  reason or evidence to support any inference Hilderman makes.

**3. Suing Former Employees is Not an Unfair Business Practice.**

      Enea has an absolute right to protect its trade secrets and confidential information. *Loral Corp. v. Moyers,* 174 Cal. App. 3d 268, 276, (1985).  Left with no claim, plaintiffs create a new theory. Hilderman and HighRely assert that Enea's lawsuit is an unfair business practice because Enea is trying to enforce Baghai's 2003 employment agreement. Baghai's 2003 agreement is subject to Arizona law. Under Arizona law, the promises are enforceable. *Alpha Tax Service, Inc. v. Stuart*, 158 Ariz. 169 (1988). Enea has an absolute right to sue former employees who steal trade secrets, confidential information, and breach their duty of loyalty. As Enea's suit against Baghai does not support a violation of unfair business practice under plaintiffs' complaint, summary judgment should be granted.

### IV.   CONCLUSION

      Summary judgment cannot be opposed by denigrating the opponent. Since there is no evidence supporting the complaint, summary judgment should be granted.

**Respectfully submitted**:

DATED:  7/27/2007                                       Law Offices of Adron W. Beene

/s/ Adron Beene
_____
Adron W. Beene, Attorney for ENEA TEKSCI, INC.

_____
**ENEA TEKSCI, INC.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' COMPLAINT**