Adron W. Beene SB# 129040
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

*Attorney for Defendant/Counterclaimant/Third-Party Plaintiff, Enea TekSci, Inc. d/b/a ENEA Embedded Technology, Inc.*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE HILDERMAN, an individual; HIGHRELY, INC., a Delaware corporation, <br><br>Plaintiff,<br><br>v.<br><br>ENEA TEKSCI, INC. dba ENEA EMBEDDED TECHNOLOGY,<br><br>Defendants.<br><br>ENEA TEKSCI, INC. dba ENEA EMBEDDED TECHNOLOGY, a Washington corporation,<br><br>Counterclaimant and Third-Party Plaintiff,<br><br>v.<br><br>VANCE HILDERMAN, an individual and resident of California; and HIGHRELY, INC., a Delaware corporation,<br><br>Counterdefendants,<br><br>and<br><br>MOHAMMED TURAJ (TONY) BAGHAI and LEILA HOSSEINIZADEH, husband and wife and residents of Arizona,<br><br>Third-Party Defendants. | Case No. 05CV1049-BTM (AJB)<br><br>**ENEA TEKSCI, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON THE SECOND AND THIRD CLAIMS OF BAGHAI'S COUNTERCLAIM AGAINST ENEA**<br><br>Date: November 9, 2007<br>Time: 11 a.m.<br>Courtroom: 15<br>Judge: The Hon. Barry Ted Moskowitz<br>Complaint Filed: May 16, 2005<br><br>[No Oral Argument Unless Requested by Court] |

- 1 –

## I. Introduction

Charles Elliot ("Elliot") of Enea Teksci ("Enea") was involved in determining the source of a security leak at Enea. The issue became apparent when Vance Hilderman ("Hilderman") the former president of Enea, sent a blanket email to Enea employees telling them to not sign an agreement Enea had requested they sign. Someone on the inside must have been working with Hilderman to feed him information about Enea.

When Mohammad Baghai (Baghai) left Enea, Enea took back the company's laptop ("Laptop"). Enea wanted to see what, if anything, was going on between Baghai and Hilderman. Since Baghai was an officer of Enea, the information on the Laptop should have been Enea's business information. Through review of emails on the Laptop, Enea learned that Baghai had been sending information to Hilderman by email. Enea's review of emails on the Laptop to obtain evidence to support its claims does not support Baghai's claim for an intrusion into private affairs or a violation of the Electronic Communications Privacy Act.

Since there is no merit to the claims, Baghai's second and third claims should be dismissed pursuant to Fed.R.Civ.P. 56.

## II. Jurisdiction and Choice of Law

The Court has jurisdiction over this case based on diversity of citizenship. 28 U.S.C. §1332, Federal question, 29 U.S.C. 1331 [18 USC §1030], and ancillary jurisdiction under 28 U.S.C. §1367(b).

Federal courts exercising diversity jurisdiction apply the substantive law of the state in which they are located. Federal law, however, governs procedural issues. *Erie Railroad Co. v. Tompkins* 304 US 64, 78 (1938). Enea's principal place of business is in Arizona and Baghai is a resident of Arizona. See Answer of Tony Baghai and Leila Hosseinizadeh and Counterclaim for Damages Jury Trial Demanded ¶1 and 3. ("Counterclaim"). Under California choice of law rules, Arizona law controls the invasion of privacy claim. *Reich v. Percell* 67 Cal. 2d 552

- 2 –

**ENEA TEKSCI, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST BAGHAI 2nd and 3rd CLAIMS**

(1967) (Adoption of governmental interest approach.) California has no interest in an invasion of privacy claim between two Arizona residents. However, as Arizona follows the restatement there appears little difference between California and Arizona law. *Medical Laboratory Management Consultants v. American Broadcasting Companies*, 30 F.Supp.2d 1182 (D. Ariz. 1998).

### III. Factual Background as alleged in the Complaint

This motion tests the pleadings to determine whether there are any disputed facts for the jury to decide. The starting point for the motion is the pleadings. Baghai alleges that he was fired and his computer was taken and reviewed by Enea in violation of company policy. Counterclaim ¶8. In the first claim, Baghai sues for breach of employment agreement. This motion does not attack that claim.

In the second claim, Baghai claims that Enea intruded on Baghai's private affairs by intentionally accessing his personal computer and his personal e-mail accounts. Enea's previous motion to dismiss the claim was denied.

In the third claim, for violation of the Electronic Communications Privacy Act, Baghai alleged an interception claim and an access to stored data claim. Enea's motion to dismiss this claim was granted as to the interception claim but denied on the access to stored date because Baghai had alleged that Enea accessed "his e-mail communications which were stored on his e-mail provider's server." See page 4:26-27, Order Granting in Part and Denying in Part Motion to Dismiss Second, Third, and Fourth Causes of Action of Counterclaim filed June 13, 2006.

### IV. Standard on Summary Judgment

- 3 –

**ENEA TEKSCI, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST BAGHAI 2nd and 3rd CLAIMS**

1    Summary judgment is appropriate when "the pleadings, depositions, answers to
2  interrogatories, and admissions on file, together with the affidavits, if any, show that there is no
3  genuine issue as to any material fact and that the moving party is entitled to judgment as a
4  matter of law." Fed.R.Civ.P. 56(c).The Supreme Court clarified the standards for summary
5  judgment in three 1986 cases. *See Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct.
6  2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505,
7  91 L.Ed.2d 202 (1986); *Matsushita Electrical Industry Co. v. Zenith Radio Corp.,* 475 U.S. 574,
8  106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

9    Enea bears the initial burden of demonstrating the absence of a genuine issue of material
10 fact. *Anderson,* 477 U.S. at 256, Because Enea seeks summary judgment against a counterclaim,
11 Enea can meet its burden by disproving <u>any</u> essential element of plaintiffs' claim. See *Adickes*
12 *v. S.H. Kress & Co.* 398 US 144, 158–160 (1970). This burden is met by showing an absence of
13 evidence submitted by the non-moving party. Enea need not disprove the other party's case. *See*
14 *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548.

15    As explained in *Matsushita,*

16   [w]hen the moving party has carried its burden under Rule 56(c), its opponent
     must do more than simply show that there is some metaphysical doubt as to the
17   material facts.... Where the record taken as a whole could not lead a rational trier
     of fact to find for the nonmoving party, there is no "genuine issue for trial."
18   *Id.,* 475 U.S. at 586-87, 106 S.Ct. 1348.
19

20    Summary judgment is not "a disfavored procedural shortcut" but as "an integral part of
21 the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive
22 determination of every action.' " *Celotex,* 477 U.S. at 327 (quoting Fed.R.Civ.P. 1).
23
24

25                          **V. The Undisputed Facts**

26    Vance Hilderman was the former president of Enea. (Enea's Undisputed Fact 1,
27 hereinafter "EUF")  In February 2004, Hilderman left Enea. (EUF 2)  Tony Baghai ("Baghai")
28 was a former Vice President of Enea. (EUF 3). Ray Madjidi ("Madjidi") was a former project

- 4 –

manager for Enea. (EUF 4). In February 2005, HighRely was formed. (EUF 5). In March 2005, Baghai and Madjidi ceased employment at Enea (EUF 6 & 7).

On October 24, 2004 Enea purchased a Dell Latitude X300 laptop computer. ("Laptop") (EUF 8). The Laptop was provided to Baghai for his use as an employee of Enea. (EUF 9). When Baghai left Enea, Enea obtained the Laptop and inspected it. (EUF 10).

Enea has not intercepted any telegraphs, calls, emails or communications between Baghai and any person. (EUF 11). Enea has not accessed Baghai's e-mail communications which were stored on his e-mail provider's server. (EUF 12).

The reason Enea searched the Laptop was to locate evidence related to the transfer of information between Baghai and Hilderman, while Baghai worked for Enea. (EUF 13). Some emails found on the Laptop were attached as exhibits (E-R) to Enea's complaint in this action. (EUF 14). Enea has not search for any personal information on the Laptop and is not aware of any. (EUF 15). Mr. Baghai knew that company Laptops were to be returned because he stated so in emails in 2001 and 2002. (EUF 16).

## VI. Discussion

1. <u>There was no highly offensive intrusion into Baghai's private affairs.</u>

Baghai claims that Enea looked at his personal computer and accessed his e-mails to intentionally invade his right to privacy. Enea's review of the company's Laptop to obtain evidence that Baghai violated his duty to Enea, does not satisfy the requirements of an invasion of privacy claim.

In *Medical Laboratory Management Consultants v. American Broadcasting Companies* 30 F.Supp.2d 1182 (D Ariz.1998), the Court granted summary judgment on an invasion of

- 5 –

**ENEA TEKSCI, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST BAGHAI 2nd and 3rd CLAIMS**

privacy claim applying Arizona law. In *Medical Laboratory*, a film crew had secretly interviewed and tested a lab which revealed faulty cancer testing. The Court found the conduct was not offensive as a matter of law. The reason is that an invasion of privacy must meet a highly offensive standard. The typical example is a photographer taking intimate pictures of someone's bedroom with a telephoto lens. "These examples suggest that, while the "highly offensive" standard may require less than "extreme and outrageous conduct," it is reserved for truly exceptional cases of intrusion." *Medical Laboratory,* at 1189. Looking at a company laptop is not a truly exceptional case. Offensiveness is determined considering: "The degree of the intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Medical Laboratory,* at 1189.

In this case, there is no evidence to show that Enea accessed Baghai's computer and em-mail account to obtain intimate personal information as alleged. The undisputed facts show that Enea took its Laptop that it had purchased and look for evidence that Baghai had improperly transferred information to Hilderman. Some emails were then attached to the complaint as exhibits to support Enea's claim in this litigation.

Valid privacy claims tend to boil down to an intentional surreptitious act to obtain intimate information. Taking photos of a person's bedroom to obtain nude photos fits the bill. In this case Enea looked at files on its computer. There was no secret to its acts. The reason Enea looked into the company Laptop was to find evidence that Baghai breached his duty to Enea and was working with Hilderman. Enea also wanted to prevent information from being transferred from Enea to Baghai's next employer. The actual method, the manner, the purpose do not support an offensive claim.

- 6 –

**ENEA TEKSCI, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST BAGHAI 2nd and 3rd CLAIMS**

The claim is an intentional tort. There may be information on the computer that is intimate. Enea has neither looked for or found any intimate information. Even if Enea found personal data, it would find it negligently. There is no claim for negligent invasion of privacy in Arizona.

There is no evidence that Enea intercepted a telegraph or a telephone call in California. Thus, California Penal Code Section 637.2 does not apply. The undisputed evidence shows there is not an invasion of privacy claim. Summary judgment should be granted on Baghai's second claim.

2. <u>Enea did not access Baghai's emails stored on an e-mail provider's server.</u>

Enea's motion to dismiss the entire third claim was denied in part because Baghai had alleged that Enea accessed his e-mail provider's server. "Baghai disagrees and contends that the e-mail account was his own AT&T account. That issue is beyond the scope of this present motion. The parties may present evidence on this issue in connection with a motion for summary judgment" See page 5: 3-5 Order Granting in Part, etc. filed June 13, 2006.

While the allegations survived a motion to dismiss, there is no evidence that Enea accessed AT&T's servers to access Baghai's e-mails. (EUF 12). Enea look at the Laptop it purchased. Enea did not access a communication in electronic storage at Baghai's e-mail provider's server. This is a necessary element of the claim. *Theofel v. Farey-Jones* 359 F.3d 1066 (C.A. 9th 2004). Since Baghai cannot support a necessary element of the claim, summary judgment should be granted.

- 7 –

**ENEA TEKSCI, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST BAGHAI 2nd and 3rd CLAIMS**

## VII. Conclusion

Baghai is not able to support his allegations with evidence. Enea did not invade his right to privacy or hack into his email server. Accordingly, summary judgment should be granted on claims two and the remainder of claim three to the Counterclaim.

**Respectfully Submitted,**

Dated: 9-18-07                                       Law Offices of Adron W. Beene

/s/
_____
Adron W. Beene, Attorney for *Enea TekSci, Inc.*

- 8 –

ENEA TEKSCI, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AGAINST BAGHAI 2nd and 3rd CLAIMS