# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VANCE HILDERMAN, an individual; HIGH RELY INC., a Delaware corporation,<br><br>    Plaintiffs,<br>v.<br>ENEA TEKSCI, INC., dba ENEA embedded technology, a Washington corporation,<br><br>    Defendants. | CASE NO. 05cv1049 BTM(AJB)<br><br>**ORDER RE MOTIONS IN LIMINE** |
| ENEA TEKSCI, INC., dba ENEA embedded technology, a Washington corporation,<br><br>    Counterclaimant and Third-Party Plaintiffs.<br>v.<br>VANCE HILDERMAN, an individual and resident of California; and HIGHRELY, INC., a Delaware corporation,<br><br>    Counterdefendants,<br>and<br>MOHAMMED TURAJ (TONY) BAGHAI and LEILA HOSSEINIZADEH, husband and wife and residents of Arizona,<br><br>    Third-Party Defendants. | |

On January 4, 2010, the Court held a hearing on the parties' motions in limine. For the reasons discussed on the record, the Court rules as follows:

1. Enea's motion to exclude evidence that Baghai's Employment Agreement or HIlderman's Severance Agreement violates Cal. Bus. & Prof. Code § 16600 [Doc. # 139] is **DENIED** without prejudice as premature. Issues regarding the applicability of Cal. Bus. & Prof. Code § 16600 or Arizona law governing non-competition clauses are legal matters, not evidentiary ones, and are best left for resolution at the appropriate time.

2. Enea's motion to exclude any expert opinion of Alan Hoffman and Nietin Gupta [Doc. # 139-1] is **GRANTED**.

3. Enea's motion to exclude evidence that Hilderman had a right to solicit Enea customers and employees [Doc. # 139-2] is **DENIED** without prejudice. Specific objections regarding this issue may be raised at trial.

4. Enea's motion to exclude evidence that trade secrets cannot be derived from matters in the public domain [139-3] is **DENIED** without prejudice. The circumstances under which a trade secret can be based on matters in the public domain can be addressed in the jury instructions.

5. Enea's motion to exclude evidence that Enea did not suffer monetary loss [139-4] is **DENIED** without prejudice. Enea may make specific objections regarding this issue at trial.

6. The Court defers ruling on Counter-Defendants' motion to limit Enea's trade secret evidence and argument [Doc. # 140].

Counter-Defendants seek to exclude evidence of trade secrets not identified by Enea in its "Trade Secret Disclosure." Cal. Civ. Proc. Code § 2019.210 provides:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act (Title 5 (commencing with Section 3426) of Part 1 of Division 4 of the Civil Code), *before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret*

*with reasonable particularity* subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.

(Emphasis added.)   The California Court of Appeal explains, "Before a defendant is compelled to respond to a complaint based upon claimed misappropriation or misuse of a trade secret and to embark on discovery which may be both prolonged and expensive, the complainant should describe the subject matter of the trade secret with sufficient particularity to separate it from matters of general knowledge in the trade or of special knowledge of those persons who are skilled in the trade, and to permit the defendant to ascertain at least the boundaries within which the secret lies." Diodes, Inc. v. Franzen, 260 Cal. App. 2d 244, 253 (1968).

On April 3, 2006, Enea served a Trade Secret Disclosure on Counter-Defendants. The Disclosure identified the following trade secrets: (1) Enea employee internal and private e-mail addresses; (2) Enea's customers and potential customers obtained by HighRely; and (3) DO178B Critical Processes and Checklists and referenced processes and checklists.

Counter-Defendants argue that Enea is bound by its disclosure and is prohibited from introducing evidence/argument regarding other alleged trade secrets such as pricing information, vendor leads, and employee leads. However, for the reasons discussed below, the Court concludes that Cal. Civil. Proc. Code § 2019.210 does not govern this federal action.

In determining whether a state rule applies, the court must initially determine if the state rule conflicts with an applicable Federal Rule of Civil Procedure. Hanna v. Plumer, 380 U.S. 460, 471 (1965). If it does, then the Federal Rule governs unless it has been promulgated outside the scope of the Rules Enabling Act or is otherwise unconstitutional. Id. If there is no conflict, the court applies the Erie analysis (Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)), to determine if the state rule should be enforced.

The Ninth Circuit has not decided whether Cal. Civil. Proc. Code § 2019.210 applies to actions in federal court. The district courts have reached different conclusions. In Computer Economics, Inc. v. Gartner Group, Inc., 50 F. Supp. 2d 980 (S.D. Cal. 1999), the court held that § 2019.20 applied and that the defendant was entitled to refuse to produce

discovery because plaintiff had not complied with § 2019(d). The court concluded that § 2019.20 did not conflict with any provisions of Fed. R. Civ. P. 26.

Courts in the Eastern District have reached the opposite conclusion. See Funcat Leisure Craft, Inc. v. Johson Outdoors, Inc., 2007 WL 273949 (E.D. Cal. Jan. 29, 2007) (holding that § 2019.210 does not apply to a federal action - "[U]nless stipulated otherwise or ordered after stipulation pursuant to case management orders, it is not within the discretion of the court to willy nilly apply bits and pieces of the discovery civil procedure codes of the various states, even the state in which the district court sits."); Proven Methods Seminars, LLC v. American Grants & Affordable Housing Institute, 2008 WL 282374 (E.D. Cal. Jan. 31, 2008). Other courts have applied § 2019.210 without engaging in an analysis under Hanna. See, e.g., Pixion, Inc. v. PlaceWare, Inc., 421 F. Supp. 2d 1233, 1242 (N.D. Cal. 2005) (holding that plaintiff was bound by its description of its trade secrets in its 2019.210 statement but not analyzing whether § 2019.210 conflicts with the Federal Rules of Civil Procedure).

The Court finds that § 2019.210 conflicts with Fed. R. Civ. P. 26. Rule 26 sets forth required initial disclosures, permits discovery of "any nonprivileged matter that is relevant to any party's claim or defense," and provides for the opening of discovery (discovery shall not occur until the Rule 26(f) conference unless otherwise ordered by the Court or authorized under the Federal Rules of Civil Procedure). Section 2019.210 *conditions* discovery regarding trade secrets on plaintiff sufficiently identifying the trade secret. If Section 2019.210 is applied and the plaintiff fails to make an adequate disclosure by the Rule 26(f) conference, the plaintiff is barred from engaging in discovery on his trade secret claims even though he would otherwise be permitted to do so under the Federal Rules.

Courts have found state laws to conflict with Fed. R. Civ. P. 26 when the state laws require certain actions before discovery can commence. For example, in Pruett v. Erickson Air-Crane Co., 183 F.R.D. 248 (D. Or. 1998), the district court held that an Oregon statute that prohibited discovery of a defendant's net worth until a motion under that statute had been granted directly conflicted with the Federal Rules' liberal discovery scheme. The court

reasoned:

> The Federal Rules determine when a party may plead its prayer for relief and what subject matter may be pursued in discovery. If courts allowed state legislatures to insert procedural devices into federal courts to further states' substantive goals, uniformity among federal courts would be disrupted and the sovereign functioning of the federal judiciary system may be jeopardized.

Id. at 251. See also Mason v. United States, 486 F. Supp. 2d 621, 625 (W.D. Tex. 2007) (Texas law that, among other things, required that discovery be stayed until expert reports were filed was in "direct and unambiguous conflict with the federal rules, which plainly tie the opening of discovery to the timing of the Rule 26(f) conference."); Pantages v. Cardinal Health 200, Inc., 2009 WL 1011048 (M.D. Fla. Apr. 15, 2009) (holding that state statute requiring a party to proffer evidence supporting a claim for punitive damages before proceeding with financial worth discovery is "directly at odds" with the scope of permissible discovery under Rule 26).

The Court is also guided by Metabolife Int'l, Inc. v. Wornick, 264 F.3d 832 (9th Cir. 2001. In Wornick, the Ninth Circuit held that the provisions of California's anti-SLAPP statute that (1) allow the anti-SLAPP motion to be filed within 60 days and (2) automatically stay all further discovery until the court rules on the motion (unless the court upon noticed motion and good cause shown orders that specified discovery be conducted), conflict with Fed. R. Civ. P. 56. The Ninth Circuit explained that these anti-SLAPP provisions (Cal. Civ. Proc. Code §§ 425.16(f), (g)) create a default rule that allows the defendant served with a complaint to immediately put the plaintiff to his or her proof before the plaintiff can conduct discovery whereas Fed. R. Civ. P 56(f) ensures that adequate discovery will occur before summary judgment is considered.

Section 2019.210 imposes burdens on discovery that are not in keeping with the liberal discovery scheme of the Federal Rules of Civil Procedure. Because § 2019.210 conflicts with Fed. R. Civ. P. 26, Rule 26 governs if it is within the scope of the Rules Enabling Act and is constitutional. The Federal Rules of Civil Procedure are presumed to be constitutionally valid, Burlington Northern R. Co., v. Woods, 480 U.S. 1, 6 (1987), and there is no authority to suggest that Rule 26 runs afoul of the Rules Enabling Act.

Accordingly, the Court holds that § 2019.210 does not apply to federal actions. The Court's holding does not, however, give Enea free reign to try trade secret claims that were not disclosed in its "Trade Secret Disclosure." As discussed at the hearing, as a matter of fairness, Counter-Defendants must have been given fair notice of Enea's trade secret claims, whether in the "Trade Secret Disclosure" or other discovery responses. If Counter-Defendants were not given fair warning of certain trade secret claims, Enea may be barred from presenting these claims at trial.

On or before **January 19, 2010**, Enea shall file an Addendum to the Proposed Pretrial Order that identifies all of the trade secrets Enea claims were misappropriated. On or before **January 26, 2010**, Counter-Defendants must file any objections to the Addendum and may move to strike any trade secret claim on the ground that Counter-Defendants did not receive fair notice of it. On or before **February 2, 2010**, Enea may file a reply brief that explains how and when the challenged trade secret claims were disclosed.

7. Counter-Defendants' motion to exclude evidence of Enea's actual monetary losses [Doc. # 141] is **GRANTED** without prejudice.

8. The Court defers ruling on Counter-Defendants' motion to exclude the expert opinion and report of Nicholas L. Feakins, CPA [Doc. # 142]. **On February 1, 2010 at 10:30 a.m.**, the Court will hold an evidentiary hearing during which Mr. Feakins will testify as to his proposed expert opinion. The Court will issue its ruling after the hearing.

**IT IS SO ORDERED.**

DATED: January 8, 2010

*Barry Ted Moskowitz*

Honorable Barry Ted Moskowitz
United States District Judge